EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

JAMES F. MCHUGH, JR.

    Debtor.

GORDON P. JONES, IN HIS CAPACITY
AS CHAPTER 7 TRUSTEE

    Plaintiff,

V.

NATIONAL AUTOMOTIVE, INC.

    Defendant.

Case No. 03:17-bk-01011-JAF

Chapter 7

Adv. Proc. No: 03:17-ap-00108-JAF

## AFFIDAVIT OF PLAINTIFF

Now Comes, Plaintiff, Gordon P. Jones, Trustee, and hereby swears, affirms and states as follows:

1.    I am the Plaintiff and duly appointed qualified Trustee in the above captioned matter.

2.    I am over the age of eighteen, competent to make this affidavit and am otherwise sui juris.

3.    I am the duly qualified and acting Trustee in the mater captioned as *In re: James F. McHugh*, Case No. 03:17-bk-01011-JAF, United Stated Bankruptcy Court, Middle District of Florida, Jacksonville Division.

4.    Defendant, National Automotive, Inc. (the "Defendant") is a Florida corporation whose President is Robin L. Byers and whose principal place of business is located at 615 Queens Harbor Blvd., Jacksonville, FL 32225.

5. On March 24, 2017 (the "Petition Date"), James F. McHugh (the "Debtor") filed for relief under Chapter 7 of the United States Bankruptcy Code in the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"), bearing case number 03:17-bk-01011-JAF (the "Bankruptcy Case").

6. Schedule D of Debtor's Petition lists Defendant has having a purchase money security interest in a 2008 Chevrolet Cobalt, VIN No. 1G1AK18F887150429 (the "Vehicle").

7. Debtor purchased the Vehicle on November 23, 2016.

8. Upon information and belief, Debtor and Defendant were parties to a certain retail installment contract whereby Defendant provided financing for the Vehicle to the Debtor. A copy of said agreement is not in the possession of the Plaintiff and therefore, is not attached to the Complaint.

9. Defendant's lien was notated on the Certificate of Title by the Florida Department of Highway Safety and Motor Vehicles ("DMV") with a receipt date of December 27, 2016. A true and accurate copy of the DMV Vehicle Information Check is attached to the Complaint as Exhibit A and incorporated by reference herein.

10. Defendant's lien was perfected within 90 days of the Petition Date, but outside the safe harbor provision of 11 U.S.C. § 547(c)(3).

11. Therefore, Defendant's lien is avoidable pursuant to 11 U.S.C. § 547.

12. Debtor was insolvent at the time of the prepetition transfer (the recording of the lien with the DMV within ninety (90) days of the Petition Date) in that his assets exceeded his liabilities.

13. In fact, I am entitled to the presumption of insolvency at the time of the transfer.

14. The prepetition transfer made within the ninety (90) days of the petition date was made on account of antecedent debt Debtor owed to Defendant.

15. The prepetition transfer made within the ninety (90) days of petition date would allow Defendant to receive more than it would have on account of the antecedent debt had the transfer not been made and had Defendant been paid under Chapter 7 of the Bankruptcy Code.

16. Defendant's lien is not entitled to protections of 11 U.S.C. §547(c)(3) because Defendant took possession of the Vehicle more than 30 days prior to the perfection of Defendant's lien.

17. Accordingly, the prepetition transfer that occurred within ninety (90) days of the Petition Date should be avoided and set aside pursuant to 11 U.S.C. §547.

_____
Gordon P. Jones, Trustee

Sworn to and subscribed to before this on this 11 day of ___July___, 2017.

NANCY CREWS
MY COMMISSION # FF 139402
EXPIRES: November 4, 2018
Bonded Thru Notary Public Underwriters

_Nancy Crews_____
Notary Public
My Commission expires: 11-4-18